UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GISELLE MELENDEZ,                                    )
                                                     )
                                                     )         **SECOND AMENDED**
                        Plaintiffs,                  )         **COMPLAINT**
                                                     )
    -against-                                        )         **JURY TRIAL DEMANDED**
                                                     )
THE CITY OF NEW YORK; POLICE                         )         18 Civ. 5390 (AJN)
SERGEANT ALVERNY TAVAREZ, Shield No.                 )
2693; POLICE OFFICER MAURICIO THOMAS,                )
Shield No. 26957; POLICE LIEUTENANT                  )
WILBERT MORALES (retired); POLICE                    )
SERGEANT MIGUEL SANCHEZ; POLICE                      )
SERGEANT KEITH HOCKADAY; JOHN DOES;                  )
and RICHARD ROES,                                    )
                                                     )
                        Defendants.                  )
------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

1.  This is a civil action in which the plaintiff, GISELLE MELENDEZ, seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## **JURISDICTION**

2.  This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

**JURY TRIAL DEMANDED**

3.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**VENUE**

4.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

**NOTICE OF CLAIM**

5.     Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on April 28, 2017, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

6.     Plaintiff was at all times relevant herein a resident of the State of New York.

7.     Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8.     Defendants TAVAREZ, THOMAS, MORALES, SANCHEZ, HOCKADAY, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants TAVAREZ, THOMAS, MORALES, SANCHEZ, HOCKADAY, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants TAVAREZ, THOMAS, MORALES, SANCHEZ, HOCKADAY, and JOHN DOES are sued individually.

9. Defendants TAVAREZ, MORALES, SANCHEZ, HOCKADAY, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants TAVAREZ, MORALES, SANCHEZ, HOCKADAY, and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants TAVAREZ, MORALES, SANCHEZ, HOCKADAY, and RICHARD ROES are sued individually.

**STATEMENT OF FACTS**

10. On March 19, 2017, at approximately 1:00 a.m., Plaintiff was the passenger in a car being driven by her boyfriend at or around the corner of River Avenue and E. 164th Street, Bronx, NY.

11. Two JOHN DOES Defendants – on information and belief Defendants TAVAREZ and THOMAS – pulled over the car for running a red light.

12. Defendant TAVAREZ told Plaintiff and her boyfriend to step out of the car.

13. Plaintiff and her boyfriend complied with the request, and stepped out of the car.

14. Plaintiff is approximately 4'9" tall, and weighs approximately 130 lbs.

15. Defendants TAVAREZ and THOMAS began to place Plaintiff's boyfriend under arrest.

16. Defendants TAVAREZ and THOMAS were being unnecessarily rough with Plaintiff's boyfriend.

17. Plaintiff began to record Defendants TAVAREZ and THOMAS with her cell phone as they were placing Plaintiff's boyfriend under arrest.

18. Plaintiff was at a remove from Defendants TAVAREZ and THOMAS when she was recording with her cell phone, and was not interfering with them in any way.

19. Defendant TAVAREZ, in violation of the First Amendment, told Plaintiff, in sum and substance, to leave.

20. Plaintiff responded "excuse me."

21. Defendant TAVAREZ then, without lawful excuse or justification, pushed Plaintiff into the car.

22. Defendant TAVAREZ then, without lawful excuse or justification, punched Plaintiff's left eye / nose area.

23. Plaintiff briefly lost consciousness from the blow.

24. Defendant TAVAREZ also, without lawful excuse or justification, grabbed Plaintiff by the hair and caused Plaintiff's head to bang into the car.

25. Plaintiff – although she had committed no crime at all - was handcuffed and placed in a police car in which her boyfriend had already been placed.

26. On information and belief (the source being Defendant TAVAREZ's memo book entries) Defendant MORALES assisted Defendants TAVAREZ and THOMAS in handcuffing Plaintiff.

27. Defendant SANCHEZ arrived on the scene along with Defendant MORALES, and may have assisted Defendants TAVAREZ and THOMAS in handcuffing Plaintiff as well.

28. Plaintiff requested medical care.

29. Plaintiff was then taken in police custody to Lincoln Hospital's emergency room for treatment for her injuries.

30. At Lincoln Hospital – during which time Plaintiff remained handcuffed - Plaintiff was given ice for her eye, and given a CT scan.

31. The Lincoln Hospital staff informed Plaintiff that she had suffered a fractured nose.

32. After being treated at the hospital, Plaintiff was taken, still in police custody, to Bronx Central Booking.

33. After approximately 24 hours in custody, Plaintiff was brought before a judge and arraigned, and released on her own recognizance.

34. Plaintiff was falsely charged with Resisting Arrest in the 2nd Degree, Obstructing Governmental Administration in the 2nd Degree, Attempted Assault in the 3rd Degree, Harassment in the 2nd Degree, and Disorderly Conduct.

35. Defendant THOMAS is the deponent on the Criminal Court Complaint, and states that he is informed by Defendant TAVAREZ that TAVAREZ alleged that Plaintiff committed acts constituting these crimes and / or violations.

36. These allegations are lies.

37. Plaintiff did nothing to interfere with the officers.

38. Plaintiff did nothing aggressive toward the officers.

39. Plaintiff did not touch either of the officers, or attempt to do so.

40. Plaintiff did not act in a disorderly manner.

41. Plaintiff did not resist arrest.

42. Defendant TAVAREZ executed a Supporting Deposition averring to the veracity of the false allegations against Plaintiff.

43. Plaintiff accepted an adjournment in contemplation of dismissal on April 17, 2017, and all charges against her have been dismissed.

44. Defendants' purposeful interference with Plaintiff's attempt to video-record their arrest of her boyfriend was in flagrant violation of not only the First Amendment, but also of long-standing internal NYPD written policies and practices (the consistent violation of which has been long-tolerated within the NYPD)

45. In 1977 the City of New York and its then-Police Commissioner entered into a consent decree in the class action Black v. Codd, 73 Civ. 5283 (JNC), which stated, in relevant part, as follow:

> It is stipulated by and between the attorneys for the parties herein that it is the policy of the New York City Police Department and the defendants that when a person (or persons) is detained, stopped or arrested in public areas, a person or persons not involved in the conduct for which the first person is stopped or arrested may remain in the vicinity of the stop or arrest as an onlooker or onlookers, subject to the safety of the person stopped, the third persons, the general public, and officers of the Police Department, and to provisions of law e.g. P.L. 195.05.
> ….
>
> In the following provisions, the term "officer" refers to New York City police officers, agents of the defendants:

       1. A person remaining in the vicinity of a stop or arrest (herein after an "onlooker") shall not be subject to arrest for violation of Penal Law § 195.05 unless the officer has probable cause to believe that a violation of Section 195.05 exists.

       2. None of the following constitute probable cause for arrest or detention of an onlooker unless the safety of officers or other persons is directly endangered or the officer reasonably believes they are endangered or the law is otherwise violated:

          (a) Speech alone, even though crude and vulgar;
          (b) Requesting and making notes of shield numbers or names of officers;
          (c) Taking photographs;
          (d) Remaining in the vicinity of the stop or arrest.

       3. Whenever an onlooker is arrested or taken into custody, the arresting officer shall report the action to the supervisor at the station house or other place where the person is taken….

       4. Defendants shall notify all officers and other employees of the Police Department of the terms of this stipulation by appropriate department order within 60 days of the entry of this order. Such order shall embody the terms of paragraphs l through 3 of this order. Area commanders will be informed that the basis for the said departmental order is the settlement of this litigation and that the terms of this order are part of the departmental order. Area commanders shall inform precinct commanders of the existence of this order.
      ….

   The above provisions of this order shall and the same hereby do constitute the final judgment of this court upon the controversy between defendants, plaintiffs and the plaintiff class.

      46.     In response to numerous complaints by members of the press and the public, and various civil rights organizations, concerning the routine violations of the First Amendment and the consent decree in <u>Black v. Codd</u>, the NYPD's Chief of Department – in, on information and belief, the summer of 2014 – issued a "FINEST MESSAGE General Administrative Information" which reiterated the written policy (the consistent violation of which has been long-tolerated within the

NYPD) of the NYPD to be as follows:

> TO:  ALL COMMANDS
>
> RE: RECORDING OF POLICE ACTION BY THE PUBLIC
>
> MEMBERS OF THE SERVICE ARE REMINDED THAT MEMBERS OF THE PUBLIC ARE LEGALLY ALLOWED TO RECORD (BY VIDEO, AUDIO, OR PHOTOGRAPHY) POLICE INTERACTIONS.  THESE INTERACTIONS INCLUDE ARREST AND OTHER SITUATIONS. MEMBERS OF THE SERVICE WILL NOT INTERFERE WITH A PERSON'S USE OF RECORDING DEVICES TO RECORD POLICE INTERACTIONS. INTENTIONAL INTERFERENCE SUCH AS BLOCKING OR OBSTRUCTING CAMERAS OR ORDERING THE PERSON TO CEASE CONSTITUTES CENSORSHIP AND ALSO VIOLATES THE FIRST AMENDMENT.
>
> IT SHOULD BE NOTED, HOWEVER, THAT PERSONS MAY NOT INTERFERE WITH POLICE OPERATIONS. MEMBERS, IF APPROPRIATE, SHOULD ADVISE THE PUBLIC NOT TO GET TOO CLOSE AND MAY TAKE ACTION ONLY IF THE PERSON INTERFERES WITH THE OPERATION OR THE SAFETY OF THE MEMBERS OF THE SERVICE OR THE PUBLIC.  HOWEVER, MERE RECORDING OF AN INCIDENT DOES NOT CONSTITUTE INTERFERENCE.  COMMANDING OFFICERS WILL ENSURE THAT THE CONTENTS OF THIS MESSAGE ARE DISSEMINATED TO ALL MEMBERS OF THE SERVICE.

47. Defendants intentionally interfered with, and retaliated against Plaintiff for, Plaintiff's attempts to video-record them arresting her boyfriend.

48. As part of a sham investigation conducted by the NYPD concerning the incident, and as part of an effort to cover up the misconduct of the other Defendants, Defendant HOCKADAY spoliated photographs that he had taken of alleged injuries to Defendant TAVAREZ.

49. Defendant HOCKADAY is also listed as the "Supervisor Approving" on Plaintiff's arrest report.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

50.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

51.     By their conduct and actions in unlawfully assaulting and battering plaintiff, falsely arresting plaintiff, unlawfully seizing plaintiff, violating and retaliating for the exercise of First Amendment rights of plaintiff, abusing process against plaintiff, fabricating evidence against plaintiff, conspiring against plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants TAVAREZ, THOMAS, MORALES, SANCHEZ, HOCKADAY, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

52.     As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

53.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

54. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants TAVAREZ, MORALES, SANCHEZ, HOCKADAY, and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

55. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

56. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

57. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

58. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

59. At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

60. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

61. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct, including filming them. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

62. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS**

63. The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

64. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

65. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

66. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

67. By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

69. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

70. By the actions described above, defendants caused plaintiff to be falsely arrested and

imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### TRESPASS

72. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

73. The defendants willfully, wrongfully and unlawfully trespassed upon the property and person of plaintiff.

74. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### NEGLIGENCE

75. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

76. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

77. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury,

pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

78. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

79. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

80. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## ABUSE OF PROCESS

81. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

82. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

83. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### CONSTITUTIONAL TORT

84. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

85. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8 and 12 of the New York State Constitution.

86. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

87. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the Plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:		New York, New York
		June 17, 2019

						__/S/__Jeffrey A. Rothman____
						JEFFREY A. ROTHMAN, Esq.
						Law Office of Jeffrey A. Rothman
						315 Broadway, Suite 200
						New York, New York 10007
						(212) 227-2980

						Attorney for Plaintiff